# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS A. KLOMP, individually and as successor in interest of NEVA MARLENE KLOMP, decedent; DARYL KLOMP, individually and as successor in interest of NEVA MARLINE KLOMP, decedent; NATALIE KLOMP-WOODS, individually and as successor in interest of NEVA MARLENE KLOMP, decedent,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID B. FROST, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 1:24-cv-01507-JLT-SKO<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**<br><br>**(Docs. 4, 9)** |

## I. INTRODUCTION

Plaintiffs Dennis A. Klomp, Daryl Klomp, and Natalie Klomp-Woods ("Plaintiffs") filed a civil suit against David B. Frost and Does 1–50 ("Defendants") on October 16, 2024, in Fresno County Superior Court. (Doc. 1-1 ("Compl.").) On December 11, 2024, Defendants filed a Notice of Removal to this Court based on federal question jurisdiction. 28 U.S.C. § 1331. (Doc. 1 at 2.)

Plaintiffs filed a Motion to Remand on January 9, 2025, (Doc. 4), and an amended Motion to Remand on January 14, 2025, (Doc 9). Defendants filed an Opposition on January 28, 2024. (Doc. 14.) Plaintiffs then filed a reply on February 4, 2025.

The Court has reviewed the Motion, Amended Motion, Opposition, Reply and supporting documents, and determined that this matter is suitable for decision without oral argument pursuant to the Local Rules of the United States District Court, Eastern District of California, Rule 230(g). For the reasons set forth below, this action is REMANDED to Fresno County Superior Court.[1]

## II. BACKGROUND

On June 16, 2023, Neva Marlene Klomp died in a fatal recreational boating accident on Pine Flat Lake in Fresno County California after the boat struck a log or other debris causing her to be thrown in the air and struck in the head. (Compl. ¶¶ 4–11, 21–23.) Pine Flat Lake is an inland lake owned and operated by the U.S. Army Corps of Engineers Sacramento District, subject to the jurisdiction of the United States, *id.* 33 C.F.R. § 2.38, and a navigable water of the United States, *see id.* § 2.36(b)(2). Plaintiffs are Klomp's successors in interest, who have brought survival claims for damages under California law against David B. Frost, the alleged operator of the boat. (*Id.* ¶¶ 21–23.)

On October 16, 2023, Plaintiffs commended an action in Fresno Superior Court asserting claims sounding in negligence. (*See generally* Compl.) On December 11, 2024, Defendant Frost removed the action to this court. (Doc. 1). In his Notice of Removal, (*id.*), Defendant Frost asserted three bases for removal: (1) original jurisdiction based on U.S. maritime law; (2) federal question jurisdiction arising under the Federal Boat Safety Act, 46 U.S.C. § 4301, et seq.; and (3) federal question jurisdiction arising under the Inland Navigation Rules, 33 U.S.C. § 2071.

Plaintiffs filed a Motion to Remand on January 9, 2025, (Doc. 4). Plaintiffs filed an "Amended Motion to Remand" on January 14, 2025, (Doc 9). The amended motion was not accompanied by a memorandum or other arguments. On January 28, 2024, Defendants filed an Opposition, contending that the Plaintiffs' amended motion lacked arguments, was procedurally defective and, in the alternative, that this court has jurisdiction pursuant to the grounds asserted in their Notice of Removal. (Doc. 14.) Plaintiffs filed their reply on February 4, 2025, arguing that their Amended Notice of Motion to Remand was filed for "[t]he sole purpose" of "not[ing] the

---

[1] The parties stipulated to magistrate judge jurisdiction for the limited purpose of consideration of the instant motion. (Doc. 12.) In light of that stipulation, the instant motion was referred to the undersigned for final disposition. (Doc. 13.)

2

assignment to Judge Thurston and verify[ing] compliance with meet and confer obligations" and that the Amended Notice "was filed for clerical reasons."

### III. DISCUSSION

**A.      Legal Standard Governing Removal Jurisdiction**

In the federal system, the States possess sovereignty concurrent with that of the Federal Government, limited only by the Supremacy Clause. *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). State courts enjoy a "deeply rooted presumption" that they have jurisdiction to adjudicate all claims arising under state or federal law. *See id.* at 459.

By contrast, federal courts "presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (citation omitted). Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The great majority of federal cases involve just two bases for jurisdiction. First, both Article III and 28 U.S.C. § 1331 provide federal courts jurisdiction over all cases "arising under" federal law. And second, Article III and 28 U.S.C. § 1332 together confer jurisdiction over certain cases involving citizens of different states. In rare cases, a federal court may have original jurisdiction, including in cases involving general maritime law. *See* 28 U.S.C. § 1333.

A plaintiff is the master of their complaint and has the choice of pleading claims for relief under state or federal law (or both). *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). If these claims do not involve federal law or diverse parties, the action can be brought only in state court. *See id.* On the other hand, if these claims give rise to concurrent jurisdiction, the plaintiff may choose to file in either state or federal court. However, if the plaintiff elects state court, the defendant has the option of removing the case from state court to federal court under the general removal statute, 28 U.S.C. § 1441. What this generally means is that in the absence of diversity jurisdiction, "the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 399.

Given federal court's constitutional role as a limited tribunal and their "[d]ue regard for

the rightful independence of state governments," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citation omitted), federal courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal courts must exercise "prudence and restraint" when assessing the propriety of removal because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The removing defendant bears the burden of overcoming the "strong presumption against removal jurisdiction." *Geographic Expeditions*, 599 F.3d at 1107 (citation omitted).

It is axiomatic that federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are limited, by Congress and by the Constitution, in the subject matter of cases they may adjudicate. *Id.* State courts, by contrast, are not so limited. *See Tafflin v. Levitt*, 493 U.S. 455, 458–60 (1990). As a result, federal and state courts frequently have concurrent jurisdiction over a given case. *See, e.g.*, *id.* (concerning federal claims); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 809 (1976) (concerning state-law claims with diverse parties). When this is so, a plaintiff may choose the court system in which she files suit—she is, as the old maxim declares, "master of [her] case." *See, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988).

Removal based on federal-question jurisdiction, at issue in the present case, is reviewed under the longstanding well-pleaded complaint rule. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). This rule provides that an action "aris[es] under" federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. As a result, "a defendant cannot remove on the basis of a federal defense." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 478 (1998).

A corollary to the well-pleaded complaint rule is the artful pleading doctrine. Under that

4

doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Id.* at 475 (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1983)).

The availability of removal is an important check on the plaintiff's mastery. Removal permits a defendant to bring to federal court a suit initially filed in state court—if the federal court could have exercised original jurisdiction in the first instance. *See* 28 U.S.C. § 1441(a), (b). Removal is a powerful tool: It operates largely automatically in that once a defendant has filed the appropriate notice of removal in federal court, removal is a fait accompli. *Id.* §§ 1446(a), 1447(a), (b). If the removal suffers from procedural defects, the plaintiff is responsible for bringing those defects to the attention of the district court in a timely motion to remand. *Id.* § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). Generally, procedural defects not so raised are waived. *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).

Defects of subject-matter jurisdiction, however, are another matter. In an ordinary removal case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c) (emphasis added). No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court. *Kelton Arms*, 346 F.3d at 1192. Moreover, the district court generally must remand the case to state court, rather than dismiss it. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

**B.     Consideration of Plaintiff's Motion to Remand**

As an initial matter, the Court construes Plaintiffs' "Amended Notice of Motion and Motion with Memorandum in Support of their Motion to Remand and Request for Attorney's Fees Pursuant to 28 U.S.C. § 1447(c)," as an amended notice only, filed in light of the preceding assignment of a district court judge. *See Anderson v. United States*, 298 F.3d 804, 807 (9th Cir. 2002) ("The substance of the motion, not its form, controls its disposition.").

1    Proceeding to the merits, Defendant Frost asserts three bases for federal jurisdiction which
2    will each be addressed in turn.

3    1.    <u>Maritime Law</u>

4    Defendant first contends that the Court has removal jurisdiction based on its original
5    jurisdiction over matters involving general maritime law. (Doc. 14 at 5–10). However, maritime
6    claims brought in state court are not removable to federal court absent an independent
7    jurisdictional basis. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001).
8    The relevant jurisdictional statute, 28 U.S.C. § 1333(1), gives a district court original jurisdiction
9    of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other
10   remedies to which they are otherwise entitled." *Id.* The "saving to suitors" clause of § 1333(1)
11   "leave[s] state courts 'competent' to adjudicate maritime causes of action in proceedings '*in*
12   *personam*,' that is, where the defendant is a person, not a ship or some other instrument of
13   navigation." *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997)
14   (quoting *Madruga v. Superior Ct. of Cal.*, 346 U.S. 556, 560–61 (1954)). Therefore, when a
15   plaintiff brings a maritime cause of action against a person in state court, a federal court lacks
16   admiralty jurisdiction over that claim. *See id.* at 1055–56. To remove such a claim to federal
17   court, the defendant must assert some other basis of jurisdiction, such as diversity jurisdiction.
18   *See id.*

19   Defendant contends that this limitation based on section 1331(1) was displaced by a 2011
20   amendment to the relevant removal statute, 28 U.S.C. § 1441(a). Specifically, Defendant argues
21   that the omission of the phrase "under the Constitution, treaties or laws of the United States" as a
22   qualifier to "original jurisdiction," undermines the justification for the rule requiring an
23   independent jurisdictional hook. *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 379–
24   80 (1959); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001).

25   Although this is a common argument addressed by district courts, "[t]he Ninth Circuit has
26   not decided whether, as a result of the 2011 Amendment, defendants may now remove in
27   personam maritime claims absent an independent jurisdictional basis for doing so." *See e.g.*,
28   *Dirkse v. Nu Venture Diving Co.*, No. LACV1708554JAKMRWX, 2018 WL 6133683, at *4 (C.D.

6

1  Cal. May 21, 2018); *Maa v. Carnival Corp. & PLC*, No. CV 20-6341 DSF (SKX), 2020 WL
2  5633425, at *3 (C.D. Cal. Sept. 21, 2020).  And while the Court notes some disagreement in the
3  district courts, *compare Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tex.
4  2013), *with Podziewski v. Cabras Marine Corp.*, No. 1:24-CV-00014, 2024 WL 4869665, at *4
5  (D. N. Mar. I. Nov. 22, 2024), a consensus has emerged: "[a] majority, including Ninth Circuit
6  district courts, have declined to [hold that the amendment displaces the rule requiring an
7  independent jurisdictional hook." *Podziewski*, 2024 WL 4869665, at *4 (citing 14A WRIGHT &
8  MILLER, 14A FED. PRAC. & PROC. JURIS. § 3674 (4th ed. 2024)).  In light of this consensus, finding
9  the reasoning of cases like *Podziewski* persuasive, and the Ninth Circuit's instruction to "strictly
10 construe . . . [section 1441] against removal jurisdiction," *see Gaus*, 980 F.2d at 566, the Court
11 holds that the 2011 amendment to 1441(b) does not displace the rule requiring an independent
12 basis of jurisdiction beyond general maritime law.  Defendants cannot rely on general maritime
13 jurisdiction for the purposes of removing this case.

14           2.      Federal Boat Safety Act (46 U.S.C. § 4301)

15           Defendant Frost next alleges that this Court has jurisdiction based on the Federal Boat Safety
16 Act.  (*See* Doc. 14 at 10–14.)  In support of this contention, Defendant Frost points to case law
17 that speaks to the general proposition that a plaintiff cannot avoid federal jurisdiction by "artful"
18 pleading.  (*See id.* at 11 (citing *Phipps v. FDIC*, 417 F.3d 1006, 1011 (8th Cir.2005) ("[W]e are
19 required to look beyond the plaintiffs' artful attempts to characterize their claims to avoid federal
20 jurisdiction."); *Jackson v. Mss. Farm Bureau Mut. Ins. Co.*, 947 F. Supp. 252, 255 (S.D. Miss.
21 1996); *Discover Bank v. Vaden*, 489 F.3d 594, 601 (4th Cir. 2007)).  He also points to a single
22 District of Michigan case, in which that court found federal question jurisdiction based on a claim
23 brought under the Federal Boat Safety Act (FBSA).  (*See id.* at 11– 12 (citing *Alongi v.*
24 *Bombardier Recreational Prods., Inc.*, No. 12-13374, 2013 WL 718755, at *3 (E.D. Mich. Feb.
25 27, 2013))).

26           In this case, however, Plaintiffs have *not* brought a claim under the Federal Boat Safety Act.
27 (*See generally* Compl.)  Instead, the complaint sounds in common law negligence.  (*See id.* (¶ 24–
28 31.)  And the Supreme Court has held that the FBSA does not preempt state common law claims

1   like negligence. *See Sprietsma v. Mercury Marine*, 537 U.S. 51, 64–65 (2002). Therefore, the
2   Court finds that Plaintiffs' have not attempted to "defeat removal by omitting to plead necessary
3   federal questions" through "artful" pleading, *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475
4   (1998), because Plaintiffs can bring a state common law claim wholly separate from a claim under
5   the FBSA.

6   Because the FBSA does not implicate a federal question necessary to the Plaintiffs' claims,
7   the Court finds that the FBSA cannot support removal jurisdiction in this case.

8         3.    <u>Inland Navigation Rules</u> (33 U.S.C. § 2071)

9   Finally, Defendant Frost contends that the Inland Navigation Rules provide a basis for
10   jurisdiction in the present case. This argument fails for the reasons set forth above.

11   The Plaintiffs do not allege a cause of action under the Inland Navigation Rules, (*see
12   generally* Compl.), and Defendant Frost cites to no case in which a federal court has held that a
13   simple reference to "boating laws and regulation of the U.S. Government State of California"
14   implicates the Inland Navigation Rules sufficient to trigger federal jurisdiction. (Compl. ¶ 18.) In
15   fact, the limited case law seems to be to the contrary. *See Tusa v. Schomp*, No. 6:22-CV-118-
16   REW-HAI, 2022 WL 18502874, at *2 (E.D. Ky. Nov. 3, 2022) ("reference [to] federal statutes
17   and regulations 'simply to establish the relevant standard of care and to allege the defendant[ ]
18   breached that duty of care' . . . do[] not give rise to federal jurisdiction" (quoting *Shawver v.
19   Bradford Square Nursing, LLC*, Civil Action No. 3:08-13-DCR, 2008 WL 2355803, at *5 (E.D.
20   Ky. June 5, 2008)), *report and recommendation adopted*, No. 6:22-CV-118-REW-HAI, 2023 WL
21   1116268 (E.D. Ky. Jan. 30, 2023); *Durden v. Dickens*, No. 6:12-CV-866-ORL-31, 2012 WL
22   2885989, at *2 (M.D. Fla. July 13, 2012) ("a mere reference to federal law is not enough to
23   establish federal question jurisdiction"). As one district court has noted, "[g]enerally speaking, a
24   case 'arises under' federal law where federal law creates the cause of action or where a substantial
25   disputed issue of federal law is a necessary element of a state law claim." *Durden*, 2012 WL
26   2885989, at *2 (citing *Franchise Tax Bd. of Cal.*, 463 U.S. 1, 9–10 (1991)). And where, like here
27   "Plaintiffs are proceeding under general negligence principles rather than a cause of action set
28   forth in either of the cited sections of the federal statutes," without any "suggestion in the

8

1   Complaint or in the Defendant's papers that the Court would be required to interpret those federal
2   laws (or any others) to resolve the Plaintiffs' . . . claim[s]," "the Defendant has failed to show that
3   removal of this matter was authorized by 28 U.S.C. § 1441[]." *Id.* Therefore, the Court finds that
4   Defendant has failed to establish removal jurisdiction based on the Inland Navigation Rules.

### C. **Consideration of Plaintiff's Motion for Attorney's Fees**

Plaintiff moves for the costs and attorneys' fees incurred in preparing the motion. (Doc. 4.) A court remanding a case to state court has discretion to order the defendant to pay the plaintiff's costs and fees. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If the court finds that there is an objectively reasonable basis, the court should deny a request for fees. *Id.*

Defendant had an objectively reasonable basis for removal. While the Court agrees with the majority rule regarding the need for an independent jurisdictional basis for cases involving general maritime law that have been originally filed in state court, there are cases that hold to the contrary. *See, e.g.*, *Ryan*, 945 F. Supp. 2d at 778. Where, as here, courts can reasonably disagree and neither the Ninth Circuit nor the Supreme Court has weighed in on an issue, a defendant has not demonstrated a lack of an objectively reasonable basis for removal. *See Sierp v. DeGreen Partners LP*, No. CV-14-02353-PHX-DGC, 2015 WL 464338, at *5 (D. Ariz. Feb. 4, 2015) ("Neither the Supreme Court nor the Ninth Circuit has addressed [the issue], and Defendants' arguments were made in good faith with citation to relevant authority.); *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007) ("whether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)."); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005) ("[T]here is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases."). Therefore, the Court finds that even though it did not meet its burden, Defendant's removal was not objectively unreasonable and that the parties should bear their own costs and fees.

**IV.   CONCLUSION**

For the reasons set forth above, it is HEREBY ORDERED that:

1. The Plaintiffs' motion for remand is GRANTED and the case is REMANDED to Fresno Superior Court for lack of removal jurisdiction pursuant to 28 U.S.C. § 1447;
2. Plaintiffs' motion for attorney's fees is DENIED; and
3. This case shall be administratively closed.

IT IS SO ORDERED.

Dated:  **February 11, 2025**              /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE

10